IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIG BEINGS USA PTY LTD AND LB ONLINE & EXPORT PTY LTD d/b/a LOVE TO DREAM ONLINE AND EXPORTS,<br><br>          Plaintiffs,<br><br>     v.<br><br>NESTED BEAN, INC.,<br><br>          Defendant. | No. 1:20-cv-10101-IT |

**NESTED BEAN'S MOTION TO STAY DISCOVERY**

Defendant Nested Bean, Inc. ("Nested Bean") respectfully moves to stay discovery pending the outcome of *Nested Bean's Motion to Dismiss the Complaint for Failure to State a Claim*, Dkt. 21-22, which seeks dismissal of the Complaint filed by Plaintiffs Big Beings USA PTY LTD and LB Online & Export PTY LTD d/b/a Love to Dream Online and Exports (collectively "Big Beings").

A stay of discovery is appropriate because Nested Bean's Motion has the potential to completely dispose of all claims in this litigation. A stay is consistent with this Court's longstanding practice of deferring discovery until a motion to dismiss has been resolved. Neither party has yet served any discovery, including initial disclosures. And thus, a stay of discovery will not unduly prejudice either party.

Further, the effects of the COVID-19 pandemic, which has resulted in an emergency order closing all physical locations of "nonessential" businesses in the Commonwealth of Massachusetts, would likely place an undue burden on the parties in this case to respond to discovery requests or search for documents. The undue burden would likely fall most heavily on Nested Bean as a small, Massachusetts-based business. Thus, Nested Bean's *Motion to Stay Discovery* should be granted until Nested Bean's *Motion to Dismiss* has been resolved.

"The court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Massachusetts Department of Correction*, 2016 WL 158505, at *1 (D. Mass. 2016); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"). "This court, like others, would ordinarily defer discovery while a motion to dismiss is pending." *Jimenez v. Nielsen*, 326 F.R.D. 357, 361 (D. Mass. 2018). This Court routinely grants motions to stay pending the outcome of a motion to dismiss where a

stay would conserve resources and promote efficiency.  *See e.g., Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("[F]ederal courts possess the inherent power to stay proceedings for prudential reasons."); *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, 2018 WL 3727365, at *2 (D. Mass. 2016) (granting stay and agreeing that "avoiding unnecessary discovery costs—and if the motion to dismiss succeeds, then all discovery costs would have been unnecessary—will not significantly prejudice [Plaintiff], and may indeed even operate to its benefit.").

On March 18, 2020, Nested Bean requested that this Court dismiss Big Beings' complaint for patent infringement because Plaintiffs' allegations are based on subject matter that they expressly disclaimed during prosecution of U.S. Patent. No. 9,179,711 (the "'711 Patent"), and because Nested Bean's Zen One convertible swaddle does not infringe the asserted claims. *See generally Motion to Dismiss*, at 1-23.  Moreover, Nested Bean requested that the Complaint be dismissed with prejudice, as the record shows that Big Beings cannot state a claim for relief, even were it to amend its Complaint.  *Id.* at 24-25.

Nested Bean's Motion, if granted, is case-dispositive and warrants a stay of further proceedings in this case.  *See Hillside Plastics,* 2018 WL 3727365, at *2.  Nested Bean is a small Massachusetts-based business with limited resources.  By granting a stay, the Court and parties avoid the burdens of engaging in extensive and expensive discovery in a complex patent litigation.  The Court ordinarily defers discovery while such a motion is pending, particularly where such a stay would conserve the Court's resources or promote the efficient adjudication of the case.  *Jimenez*, 326 F.R.D. at 361; *see also Microfinancial,* 385 F.3d at 77.

Moreover, given the early state of this case, and the fact that neither party has initiated discovery, no good cause exists to begin discovery at this time.  The Court places the burden on

the party seeking discovery to show that good cause exists to obtain such discovery while a motion to dismiss is pending. *Jimenez,* 326 F.R.D. at 361 (citing *Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd.*, 765 F. Supp. 2d 87, 88–89 (D. Mass. 2011)). Absent a risk of irreparable harm, "expedited discovery is unwarranted." *Id.* (citing *Momenta*, 765 F. Supp. 2d at 89-90). Because this case is in its infancy, there is no risk of irreparable harm if the parties wait until Nested Bean's Motion is resolved before propounding such requests.

Finally, the unprecedented risks and complications posed by the COVID-19 pandemic warrant delaying the start of discovery in this case. The Commonwealth of Massachusetts has been placed in a state of emergency, and all non-essential business have been ordered closed as of 12:00 PM on March 24, 2020. *COVID-19 Order No. 13* (available at https://www.mass.gov/doc/march-23-2020-essential-services-and-revised-gatherings-order/download). The state of emergency places unique burdens on Massachusetts businesses, including Nested Bean, that could make responding to discovery requests more difficult, and make searching for, collecting and producing documents, especially physical documents, impractical or inadvisable given the risks posed to Massachusetts residents due to the virus.

A stay will also permit the parties to continue their settlement discussions based on the settlement offers that have already been exchanged. *See Joint Statement*, Dkt. 17, at 3.

Accordingly, Nested Bean respectfully moves that the Court STAY DISCOVERY AND FURTHER PROCEEDINGS, pending the outcome of Nested Bean's *Motion to Dismiss*.

| | |
|---|---|
| Dated: March 23, 2020 | Respectfully submitted, |

By:  /s/ *Craig R. Smith*
Craig R. Smith (BBO No. 636,723)
Eric P. Carnevale (BBO No. 677,210)
**LANDO & ANASTASI, LLP**
60 State Street, 23rd Floor
Boston, MA 02109
Tel:   (617) 395-7000
Fax:   (617) 395-7070
Email:   csmith@lalaw.com
  ecarnevale@lalaw.com

***Attorneys for Defendant Nested Bean, Inc.***

## CERTIFICATE OF SERVICE

I certify that on March 23, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants. Any other counsel of record will receive the foregoing via e-mail in PDF format.

*/s/ Eric P. Carnevale*
Eric P. Carnevale

## CERTIFICATE OF COMPLIANCE

I certify that in the course of preparing and filing this motion, I fully complied with the provisions of Local Rules 7.1 and 37.1, and met and conferred in good faith with counsel for Big Beings by phone on March 23, 2020 regarding the relief requested in this motion. Counsel for Big Beings indicated they would oppose the relief requested in this motion.

*/s/ Eric P. Carnevale*
Eric P. Carnevale
