IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIG BEINGS USA PTY LTD AND LB ONLINE & EXPORT PTY LTD d/b/a LOVE TO DREAM ONLINE AND EXPORTS,<br><br>   Plaintiffs,<br><br>  v.<br><br>NESTED BEAN, INC.,<br><br>   Defendant. | No. 1:20-cv-10101-IT |

**JOINT STATUS REPORT FOR DECEMBER 9, 2020**

Plaintiffs Big Beings USA PTY LTD and LB Online & Export PTY LTD d/b/a Love to Dream Online and Exports (collectively "LTD" or "Big Beings") and Defendant Nested Bean, Inc. ("Nested Bean") respectfully submit this Joint Status Report filed pursuant to the Court's November 25, 2020 telephonic conference and Order. (ECF No. 67). The parties have been unable to reach an agreement on a scheduling order, and have therefore set forth their positions in separate statements.

**I. PLAINTIFFS' STATEMENT**

Plaintiffs Big Beings USA Pty Ltd and LB Online & Export Pty Ltd d/b/a Love to Dream Online and Exports (together "Plaintiffs") propose that the case proceed as follows:

The Court can lift the current stay [Dkt. 49] and Plaintiffs will file a motion to amend the complaint to substitute as Count II a claim for inducement to infringe on or before Friday, December 18, 2020. This substitute claim is based in part upon Defendant's post-filing advertisements and related marketing collateral – undertaken with knowledge of the claim of infringement of the '711 patent -- which explicitly induce its customers into using the Defendant's accused product in a way that infringes the '711 patent (in view of the Court's claim

construction order). Plaintiff can meet each and every element of such claim. The Court's Claim Construction Order expressly stated that the Order was not addressing issues regarding possible infringement of the accused product when worn by an infant (i.e., induced infringement). [Dkt. 61, Fn. 5 at 13.]

This Court's prior scheduling order stayed this case at an early stage without prejudice to any motions to amend. [Dkt. 49]. The parties can brief this motion according to local rules.

Assuming the Court grants leave to amend, Plaintiffs would have ninety (90) days to complete fact discovery on Count II. After this is completed, the parties would submit a revised scheduling order in this regard. The amended complaint would withdraw the current Count II (unjust enrichment), rendering any summary judgment motion practice related to that claim unnecessary.

Regarding Count I (direct infringement), Plaintiffs agree that no further discovery is necessary as to this Count. Defendant's do not need to file a summary judgment motion with respect to this count, insofar as Plaintiffs have communicated to the Defendant that they do not intend to move forward with the claim of direct infringement in view of the Court's claim construction order. Plaintiffs' are prepared to stipulate to a partial judgment dismissing this count subject to their right to seek an appeal of the claim construction, and, by extension, the partial judgment of dismissal. For reasons of efficiency, Plaintiffs oppose the filing of a motion for summary judgment by Defendant at this time; instead, it would be most efficient for the Parties to file any and all summary judgment motions after fact discovery on the new Count II is completed.

Plaintiffs are concerned that Defendant seeks the dismissal of the Complaint "as pled" in order to set up an argument that res judicata bars Plaintiffs from raising the inducement to

infringement claim in a separate suit. If and to the extent Defendant stipulates that it will not seek judgment in a separate suit for inducement to infringe based on Plaintiffs agreement to dismiss the current Complaint "as pled," then of course Plaintiffs are prepared to stipulate the dismissal of the current case with prejudice, while preserving its right to appeal the dismissal of Count I based on claim construction.

## II.     DEFENDANT'S STATEMENT

The parties agree that Big Beings cannot prevail on its claim for direct infringement (Count I of the Complaint) in light of the Court's Claim Construction Order. (ECF No. 61). Nested Bean believes the most expeditious way for the case to proceed would be for Big Beings to dismiss its Complaint "as pled," which Big Beings proposed on November 19, 2020. (ECF No. 65). That would allow Big Beings to appeal the Court's Claim Construction Order without further briefing, discovery, and expense. After the appeal, Big Beings can decide whether to file a new lawsuit on any unpled claims.

In the alternative, Nested Bean intends to move for summary judgment of no infringement (Count 1), and no unjust enrichment (Count 2), which Big Beings previously agreed to withdraw, but has not. Nested Bean respectfully requests that the Court set a briefing schedule for summary judgment, according to the dates set out, below:

| Event | Date |
| --- | --- |
| Summary Judgment Motion | December 22, 2020 |
| Opposition/Response to Summary Judgment Motion | January 5, 2021 |
| Reply in Support of Summary Judgment Motion | January 12, 2021 |

Nested Bean opposes Big Beings' proposed Motion to Amend the Complaint. Big Beings effectively seeks a do-over; dismissing the only claims of patent infringement it alleged in the Complaint, and adding a new set of allegations on a completely different theory of alleged

3

infringement.  Big Beings' proposed amendment is untimely and unduly prejudicial to Nested Bean because Big Beings wishes to add claims it should have disclosed at the outset of the case, and was required to disclose no later than its Infringement Contentions served on April 13, 2020.  Big Beings' proposed amendment would also be futile because Big Beings is suggesting that Nested Beans induced *babies* to infringe the patent-in-suit.  Big Beings has failed to explain how Nested Bean's advertisements could allegedly induce a baby to do anything.

Respectfully submitted on this 9th day of December, 2020 by:

| | |
|---|---|
| /s/  John L. North | /s/    Craig R. Smith |
| Douglas R. Kertscher (GA Bar No. 416265) | Craig R. Smith (BBO No. 636,723) |
| John L. North (GA Bar No. 545580) | Eric P. Carnevale (BBO No. 677,210) |
| **HILL, KERTSCHER & WHARTON, LLP** | Peter J. Evangelatos (BBO No. 706,281) |
| 3350 Riverwood Parkway | **LANDO & ANASTASI, LLP** |
| Atlanta, Georgia 30339 | 60 State Street, 23rd Floor |
| Telephone: (770) 953-0995 | Boston, MA 02109 |
| Facsimile: (770) 953-1358 | Tel:  (617) 395-7000 |
| Email: drk@hkw-law.com | Fax:  (617) 395-7070 |
| jln@hkw-law.com | Email:  csmith@lalaw.com |
| | ecarnevale@lalaw.com |
| Robert R. Lucic (BBO # 677494) | pevangelatos@lalaw.com |
| **SHEEHAN PHINNEY BASS & GREEN, P.A.** | |
| 28 State Street, 22nd Floor | ***Attorneys for Defendant Nested Bean, Inc.*** |
| Boston, MA 02109 | |
| Phone: 603.627.8188 | |
| Fax: 617.439.9363 | |
| Email: rlucic@sheehan.com | |

Peter A. Nieves
**SHEEHAN PHINNEY BASS & GREEN, P.A.**
1000 Elm Street, 17th Floor
Manchester, NH 03101
Phone: 603.627.8134
Fax: 603.641.2353
pnieves@sheehan.com

***Attorneys for Plaintiffs Big Beings USA***
***PTY Ltd and LB Online & Export PTY Ltd***
***(d/b/a Love to Dream Online and Exports)***

## CERTIFICATE OF SERVICE

I certify that on December 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants.  Any other counsel of record will receive the foregoing via e-mail in PDF format.

*/s/ John L. North*
John L. North