IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIG BEINGS USA PTY LTD AND LB ONLINE & EXPORT PTY LTD d/b/a LOVE TO DREAM ONLINE AND EXPORTS,<br><br>        Plaintiffs,<br><br>    v.<br><br>NESTED BEAN, INC.,<br><br>        Defendant. | No. 1:20-cv-10101-IT |

**PLAINTIFFS' MOTION TO STAY PENDING THE IPR DECISION**

Plaintiffs Big Beings USA Pty Ltd and LB Online & Export Pty Ltd d/b/a Love to Dream Online and Exports (sometimes together, "LTD") respectfully move this Court to exercise its discretion to stay this case pending the final decision of the Patent Trial and Appeal Board ("PTAB") on the Petition for *inter partes* review (i.e., IPR2020-10234) (the "IPR") filed by Defendant Nested Bean, Inc. ("Nested Bean") to invalidate U.S. Patent No. 9,179,711 (the "711 Patent").

PTAB recently entered an order instituting the IPR. [ECF No. 72-1.] Simply put, while LTD maintains that the 711 Patent is valid and was properly issued by the Patent Office, judicial efficiency weighs heavily in favor of pausing this case pending the PTAB's final determination. Moreover, there is no prejudice to Nested Bean. Indeed, Nested Bean moved to stay after filing the IPR petition. And district courts routinely enter stay orders <u>after</u> PTAB enters an institution decision.[1]

---

[1] LTD contacted Nested Bean regarding this motion. Nested Bean declined to agree to the stay in favor of the Court first determining the scheduling issue currently before the Court. As discussed

1

I.      PERTINENT FACTS

This is a patent infringement action. LTD asserts that Nested Bean's Zen One swaddling suit product infringes one or more claims of the 711 Patent. [ECF No. 1.] While discovery was in its nascent stage (e.g., no depositions had been taken), the parties proposed and the Court agreed to a focused approach with the goal of resolving this matter in an efficient manner. This led to claim construction focused on three terms. LTD ultimately withdrew two terms and the Court held a claim construction hearing and issued its claim construction ruling on the term "above a level of the neck hole." [ECF No. 61.]

During the claim construction process, the Court entered an order staying all discovery and suspending all deadlines pending the claim construction ruling. [ECF No. 49.] After the Court issued its claim construction ruling, the parties met and conferred in an attempt to agree upon a schedule. Unfortunately, the parties were not able to agree upon a schedule and they set forth their competing proposals in a December 9, 2020 status report (the "Status Report"). [ECF No. 69.] These competing scheduling positions remain before the Court.

Also during the claim construction process, on July 2, 2020, Nested Bean filed the IPR requesting that PTAB invalidate all eighteen claims of the 711 Patent. Nested Bean then filed a motion to stay this proceeding pending PTAB's determinations regarding the IPR. [ECF No. 43 ("Stay Motion").] In Paragraph two of its Stay Motion, Nested Bean summarized its position as follows:

> Staying this case until the Patent Trial and Appeal Board has an
> opportunity to consider the validity of Big Beings' patent claims
> will help to simplify and streamline the issues being litigated.
> <u>Rather than expend the limited resources of the Court and parties
> litigating claims that may be invalidated, the interests of the parties</u>

---

herein, LTD respectfully submits that there is no need to resolve the scheduling issue prior to entering the stay.

2

> and the principles of judicial economy would be better served by staying this litigation until the PTAB has an opportunity to examine the validity of the patent.

(Emphasis added.)

LTD believed that the Stay Motion was premature as PTAB had yet to decide whether to institute the IPR. Nested Bean ultimately withdrew the Stay Motion. [ECF No. 50.] PTAB instituted the IPR on January 25, 2021. Now that the PTAB has issued its institution decision, LTD submits that a stay is appropriate including for many of the reasons previously advocated by Nested Bean in its Stay Motion.

Nested Bean properly brought the institution decision to the attention of the Court pursuant to its Notice of Decision in Related Matter, filed on February 3, 2021. [ECF No. 72.] PTAB has issued a schedule for the IPR proceeding, which is attached hereto as Exhibit A. Given statutory deadlines, PTAB is expected to issue its final decision in January 2022.

II.     ARGUMENT AND CITATION OF AUTHORITY

Nested Bean correctly recognized in its Stay Motion that this Court has the inherent power to manage its docket including entering stay orders. [ECF No. 43 at pp. 2-3.] Nested Bean also correctly recognized that courts consider the following three factors when deciding whether to stay a case pending an IPR determination: (1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party. [*Id.*]

Applying these three factors, courts routinely enter stays after PTAB has instituted an IPR. *Compare Aplix IP Holdings Corp. v. Sony Computer Entm't, Inc.*, 137 F. Supp. 3d 3 (D. Mass. 2015) (motion to stay granted after IPRs Instituted), and *Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, No. 3:15-CV-30005-MGM, 2016 WL 1735330 (D. Mass. Apr. 28,

2016) (motion to stay granted after IPR instituted); *with Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. CV 12-11935-FDS, 2013 WL 12324363 (D. Mass. July 11, 2013) (motion to stay denied as IPR not yet instituted), and *CardioNet, LLC v. InfoBionic, Inc.*, No. 1:15-CV-11803-IT, 2015 WL 13849810 (D. Mass. Nov. 20, 2015) (motion to stay denied as IPR not instituted yet).

Applying these three factors to the facts of this case, LTD respectfully submits that each of the factors weigh heavily in favor of a stay.

1. <u>The stage of the litigation</u>. In this case, discovery is not complete and no trial date has been set. The parties raised competing proposals for the schedule for the case moving forward in the December 9 status report. [ECF No. 69.] At this time, the Court need not invest the resources into resolving the scheduling dispute and managing the case according to whatever schedule is determined. A stay would conserve judicial resources.

2. <u>A stay would simplify issues</u>. While LTD will show the PTAB that the 711 Patent is valid and was properly issued by the Patent Office, if the PTAB disagrees and invalidates the claims of the 711 Patent, this case would be over pending any appeals. Indeed, Nested Bean argued in part in its Stay Motion that "Nested Bean's IPR will likely dispose of or simplify this case because all of the claims of the '711 Patent are being challenged…" [ECF No. 43 at p. 6.] This is <u>not</u> a situation where the IPR involves only a portion of the patents at issue, in which case courts sometimes deny motions to stay. *See Koninklijke Philips N.V. v. Amerlux, LLC*, 167 F. Supp. 3d 270 (D. Mass. 2016); *SCVNGR, Inc. v. eCharge Licensing, LLC,* No. CIV.A. 13-12418-DJC, 2014 WL 4804738 (D. Mass. Sept. 25, 2014).

3. <u>No prejudice to Nested Bean</u>. A stay would conserve the resources of the parties as well as the Court pending the final IPR decision. Indeed, in its Stay Motion, Nested Bean

argued why a stay would be in its interest: "Principles of fairness to Nested Bean also counsel in favor of a stay. Nested Bean is a small company facing an expensive and time-consuming litigation." [ECF No. 43 at p. 8.]

The Court did issue a claim construction that is favorable to Nested Bean after Nested Bean filed its Stay Motion. But this ruling, as LTD sets forth in its portion of the Status Report, gives LTD good grounds to proceed to file a motion to amend to add an inducement claim that provides a strong case of infringement even in light of the claim construction. [ECF No. 69 at pp. 1-2.] Again, at this time, LTD respectfully submits that there is no good reason for the Court to invest resources into resolving these scheduling and amendment issues now when it can properly can pause the case pending the PTAB's final determination on the IPR.

III.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court enter a stay pending PTAB's final IPR determination. A proposed order is attached.


Respectfully submitted on this 11th day of February, 2021.


/s/ *John L. North*
Douglas R. Kertscher (admitted pro hac vice)
John L. North (admitted pro hac vice)
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358
Email: drk@hkw-law.com
         jln@hkw-law.com

Robert R. Lucic (BBO # 677494)
Sheehan Phinney Bass & Green, P.A
28 State Street, 22nd Floor
Boston, MA 02109

Phone: 603.627.8188
Fax: 617.439.9363
Email: rlucic@sheehan.com

Peter A. Nieves (admitted pro hac vice)
**Sheehan Phinney Bass & Green, P.A.**
1000 Elm Street, 17th Floor
Manchester, NH 03101
Phone: 603.627.8134
Fax: 603.641.2353
pnieves@sheehan.com

## CERTIFICATE OF SERVICE

I certify that this 11th day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants.

/s/ John L. North
John L. North

2