IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIG BEINGS USA PTY LTD AND LB ONLINE & EXPORT PTY LTD d/b/a LOVE TO DREAM ONLINE AND EXPORTS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NESTED BEAN, INC.,<br><br>　　　　Defendant. | No. 1:20-cv-10101-IT |

**NESTED BEAN'S RESPONSE TO
BIG BEINGS' MOTION TO STAY**

Defendant Nested Bean, Inc., ("Nested Bean"), respectfully submits this response to the Motion to Stay filed by Plaintiffs Big Beings USA Pty Ltd. LB Online & Export PTY LTD d/b/a Love to Dream Online and Exports (together "Big Beings"). This case should be dismissed with prejudice, rather than stayed, because Big Beings has conceded that none of the claims it has pled are viable.

Big Beings knows that this case is effectively over. Discovery has been stayed since July 24, 2020 (ECF No. 49), and there are no scheduled deadlines. Following the Court's Order on Claim Construction, (ECF No. 61), Big Beings conceded that it "cannot prove direct infringement based on the Court's claim construction." (ECF No. 65). This case should not be stayed. It should be dismissed with prejudice.

Although Big Beings insists that it could add new claims to this case, those claims rest on dubious grounds. Its purported claim for indirect infringement has never been pled and is not part of this case. *See, e.g., Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.,* 750 F.2d 731, 739 (9th Cir. 1984) ("The scope of litigation is framed by the complaint at the time it is filed."); *Hearing Tr.* at 15:7-13 (July 7, 2020) ("I do understand litigation, in my view, to be

1

framed by the operative complaint."). And, Big Beings cannot plead that claim now based on its admission that it cannot prove direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[O]ur case law leaves no doubt that inducement liability may arise if, **but only if, there is direct infringement.**") (internal quotations omitted). Likewise, Big Beings' claim for unjust enrichment is barred by its own representation to the Court. *Big Beings' Opposition to Nested Bean's Motion to Dismiss* at 14 (ECF No. 33) ("**Big Beings states that it will not pursue unjust enrichment.**"). There are simply no claims left in this case.

Big Beings' requested stay should be denied because it would leave a cloud of uncertainty hanging over Nested Bean's products for a year or more. *See, e.g., Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009) (refusing to grant stay and finding harm to defendant by prolonged uncertainty over its accused products). There is no reason to draw out the litigation where Big Beings has already conceded non-infringement.

Therefore, Nested Bean respectfully requests that Big Beings' Motion to Stay be denied, and that this case be dismissed with prejudice based on Big Beings' own representations.

To the extent that the Court is not prepared to dismiss Big Beings' claims based on its own representations, Nested Bean is willing to agree to a stay to minimize the ongoing legal expenses occasioned by a litigation that should never have been filed.

## I. THIS COURT SHOULD DISMISS, RATHER THAN STAY THIS LITIGATION

This Court relies on three factors to guide the exercise of its discretion as to whether or not to stay a case: "(1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 353 (D. Mass. 2015).

Given the posture of this case, and considering that Big Beings has conceded that it cannot prevail on any claim it has pled, a stay should not be granted and this case should be dismissed.

> **A.   A Stay Should Not Be Granted Because This Case Is Close to Resolution Right Now**

The first factor considered by the Court weighs against a stay because this litigation is nearly over.

The timing factor "requires the court to consider the progress already made in the case." *Personalweb Techs., LLC v. Google Inc.*, No. 5:13-CV-01317-EJD, 2014 WL 4100743, at *4 (N.D. Cal. Aug. 20, 2014). The Court's own expenditure of resources is considered to be an important factor in evaluating the stage of the proceedings. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). Where, for example, briefing on claim construction is complete and the Court has issued a claim construction order, the timing factor weighs against a stay. *Id.* The question may be framed as whether there is "much more work ahead for the parties and this court than behind the parties and this court." *Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp.*, No. 3:15-CV-30005-MGM, 2016 WL 1735330, at *3 (D. Mass. Apr. 28, 2016).

Here, there is little additional work required to dismiss this case. After claim construction, Big Beings conceded it could not prove direct infringement and offered to stipulate to a judgment in Nested Bean's favor. Joint Status Report (ECF No. 65) ("The parties agree that LTD cannot prove direct infringement based on the Court's claim construction."). The Court should dismiss the case based on Big Beings' representation.

There is no need for any additional briefing or amendments. Big Beings could have moved to amend its Complaint at any time. And in fact, Big Beings represented that it was prepared to amend its Complaint to assert a theory of indirect infringement over 10 months ago.

*Big Beings' Opposition to Nested Bean's Motion to Dismiss* at 11 (ECF No. 33).  Big Beings never filed a motion to amend.  And, in the interim, the parties and the Court expended resources litigating the only claims pled in this case through a dispositive claim construction.  *See generally Order on Claim Construction* (ECF No. 61).  Big Beings now asks this Court to stay a case in which it has conceded that there are no viable claims, thus keeping a cloud of litigation over Nested Bean for a year or more.

The stage of litigation weighs strongly against entering a stay, simply because there is nothing left to litigate.

> **B.  A Stay Would Not Simplify the Issues Left to Be Litigated Because There Is No Dispute that Nested Bean Does Not Infringe**

The likelihood that an IPR will simplify the issues left to be litigated in this case is low, specifically because there is nothing left to be litigated.

An IPR can simplify the issues in some cases if "it would be likely to assist the court in determining patent validity and, if the claims were canceled . . . would eliminate the need to try the infringement issue."  *In re Cygnus Telecommunications Tech., LLC*, 385 F.Supp.2d 1022, 1023 (N.D. Cal .2006).  However, in this case, there is no infringement issue left to be tried, based on Big Beings' own representations.  *Joint Status Report* (ECF No. 65).  Thus, there is no need to wait over a year for an invalidity determination, when the question of non-infringement has already been resolved.

This question was also addressed by the Patent Trial and Appeal Board, which found that "the District Court Action has focused on the infringement claims and a claim term not in dispute in these proceedings," and "[t]hus, the overlap between the District Court Action and this proceeding, so far, is very limited." *Institution Decision* at 15.  Thus, to the extent any further proceedings in this Court are necessary, it is unclear whether or how the IPR would assist the

4

Court in construing the claims, or in resolving any disputed issue pertaining to alleged infringement.

Accordingly, Nested Bean's IPR would not simplify the issues left to be litigated, because the issue of non-infringement has already been decided.

### C. A Stay Would Prejudice Nested Bean by Leaving an Unnecessary Cloud of Patent Infringement Litigation Hanging Over It for Years

Big Beings' motion to stay seems designed to keep Nested Bean under a cloud of litigation for as long as possible regardless of whether it has any viable claims to assert.

Despite Big Beings admission that it cannot prevail on any claim that has been pled in this case, Big Beings continues to suggest it could pursue an unpled claim for indirect infringement. *Supra* Part I.A. But this unpled claim seems designed to delay the litigation and increase Nested Bean's expenses. In a letter to Nested Bean, Big Beings conceded that indirect infringement is not part of the Complaint, and further admitted that it asserted its unpled indirect infringement claims because Big Beings felt offended by Nested Bean's Motion to Dismiss:

> You raise concerns about our asserting indirect infringement as to certain claims under 271(b). **You are correct that Plaintiffs did not assert 271(b) claims in the Complaint. Plaintiffs raise them in response to what they view as empty arguments by Nested Bean in the motion to dismiss regarding direct infringement (e.g., the supposed distorted pictures).**

*Ltr. fr. J. North to E. Carnevale* (May 5, 2020) (ECF No. 43-5). From the outset, Big Beings' theory of indirect infringement, which it alluded to but has never pled, was a punitive response to Nested Bean's Motion to Dismiss, and not a legitimate claim for relief.

If Big Beings had a credible claim for indirect infringement, it would have asserted it earlier in the case, as it claimed it was prepared to do 10 months ago. *Big Beings' Opposition to Nested Bean's Motion to Dismiss* at 11 (ECF No. 33). But Big Beings failed to actually plead a claim for indirect infringement.

5

Now, Big Beings asks this Court for a stay so that it would not have to articulate any such theory of indirect infringement until after Nested Bean's IPR is finally decided. In the meantime, Nested Bean will still have the cloud of a patent infringement accusation in federal district court hanging over it. Courts have recognized that this cloud of uncertainty is, itself, a form of prejudice that can affect a defendant's access to financing, distributors, or other business partners who might be wary about doing business with a company accused of infringement. *See Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009).

Because there are no viable claims left in the case, the complaint should be dismissed. The cloud of litigation should be dispersed.

## II.    IF THE COURT IS NOT PREPARED TO DISMISS THE CASE AS PLED, THEN NESTED BEAN IS WILLING TO CONSENT TO A STAY

The financial burden of litigating a patent infringement allegation is high, even in streamlined litigation. Nested Bean previously sought to stay this case because evidence showed it clearly did not infringe the asserted claims, and therefore should not have had to bear unnecessary litigation and discovery burdens. And there is an objectively high likelihood that, as Big Beings acknowledged, the PTAB may invalidate all of the claims of the '711 Patent and thus end the litigation. *Motion to Stay* at 4 (ECF No. 73). If the Court does not believe this case is ripe for dismissal as pled, then Nested Bean will consent to a stay pending completion of the IPR.

Dated: February 24, 2021

Respectfully submitted,

By:   /s/ *Craig R. Smith*
Craig R. Smith (BBO No. 636,723)
Eric P. Carnevale (BBO No. 677,210)
**LANDO & ANASTASI, LLP**
60 State Street, 23rd Floor
Boston, MA 02109
Tel: (617) 395-7000
Fax: (617)-395-7070
Email: csmith@lalaw.com
ecarnevale@lalaw.com

***Attorneys for Defendant Nested Bean, Inc.***

### CERTIFICATE OF SERVICE

I certify that on February 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants. Any other counsel of record will receive the foregoing via e-mail in PDF format.

*/s/ Eric P. Carnevale*
Eric P. Carnevale