### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

BIG BEINGS USA PTY LTD AND LB
ONLINE & EXPORT PTY LTD d/b/a
LOVE TO DREAM ONLINE AND
EXPORTS,

            Plaintiffs,

    v.

NESTED BEAN, INC.,

            Defendant.

No. 1:20-cv-10101-IT

**Leave to File Granted on March 1, 2021**

### PLAINTIFFS' REPLY TO NESTED BEAN'S RESPONSE TO MOTION TO STAY

Plaintiffs Big Beings USA Pty Ltd and LB Online & Export Pty Ltd d/b/a Love to Dream Online and Exports (sometimes together, "LTD") hereby respond to "Nested Bean's Response to [Love to Dream]'s Motion to Stay" [ECF No. 74] to the extent that Nested Bean argues that the Case should be dismissed rather than stayed. It should be noted that Nested Bean agrees that "[i]f the Court does not believe this case is ripe for dismissal as pled, then Nested Bean will consent to a stay pending completion of the IPR." [*Id*. at 6.]

Nested Bean's dismissal arguments renew the request it made in the "Joint Status Report for December 9, 2020." [ECF No. 69.] In its portion of the Status Report, filed before PTAB instituted the IPR, LTD requested that the stay in the case be lifted such that LTD could proceed to move to amend to add indirect (inducement) infringement claims in light of the Court's claim construction order. [*Id*. at p. 1.] Nested Bean requested that the case be dismissed or, alternatively that a schedule be set for a summary judgment motion. [*Id*. at 3-4.]

LTD welcomes the opportunity to file (should the Court lift the stay) and has already prepared, a motion to amend. The motion to amend and attached proposed amended pleading

1

describe in detail, with multiple specific examples taken from post-complaint advertisements and related marketing collateral, including images from Nested Bean's website, sponsored YouTube videos and sponsored Instagram accounts, how NB is inducing widespread direct infringement under this Court's claim construction order.

By way of example and pertinent to establishing that Defendant encourages customers to use Zen One with the wing tips "positioned above a horizontal plane drawn at the highest point of the neck hole," there are numerous images establishing this limitation including the following:





Got an active sleeper? Help them self soothe.

For active sleepers who prefer arms free, the Zen One has quick-drying mesh sleeves to promote self-soothing for thumb suckers.

BB001155



**Melka R.**

Verified purchase ✔

11/15/2020

⭐⭐⭐⭐⭐

My babe sleeps better swaddled, but loves his hands up by his face. This swaddle has been perfect for him and has helped him sleep longer stretches at night! Plus it is SO soft!

Item type:

0-3 months / Sand

BB001158

While LTD rejects the notion that the Motion to Stay (or response thereto) is the proper context to debate the merits of a motion to amend to add indirect (inducement) infringement claims, LTD briefly shows below why Nested Bean's two points are meritless.

Firsts, LTD agrees that direct infringement is a requisite element of an indirect infringement claim. However, notwithstanding Nested Bean's representations to the contrary LTD, has not admitted that there is no direct infringement at all. Indeed, LTD's portion of the Status report expressly explains how there is direct infringement by the customers of Nested Bean. [ECF No. 69 at I.] Moreover, during the November 23, 2020 teleconference with the Court [ECF No. 66], counsel for LTD expressly corrected counsel for Nested Bean when counsel represented to the Court that LTD had conceded that there is no direct infringement. Counsel for LTD expressly stated that there is direct infringement by the customers, even under the Court's claim construction. Nested Bean's Response notably fails to acknowledge this exchange.

The only concessions LTD has made, based on the claim construction of this Court, which LTD respectfully disagrees with, regards direct infringement by Nested Bean. Thus, the Court should reject Nested Bean's attempt to expand a narrow concession into a broad-based admission that never occurred.

Second, Nested Bean argues in a number of places that LTD should have and would have moved to amend earlier to add the indirect (inducement) infringement claim if it thought it had a meritorious motion.  [*E.g*., ECF No. 69 at p. 5.] This is a reckless argument at best. Nested Bean knows (but fails to discuss) that this Court entered an early stay to facilitate a focused claim construction process [ECF No. 49 at p. 2], and this stay has not been lifted. Furthermore, that stay order expressly stated that it was being entered without prejudice to a later motion to amend: "Such stay will not prejudice either Party regarding any outstanding issues, including discovery

4

issues and potential amendments to pleadings, should the stay be lifted." The Court's claim construction order even expressly stated that it was <u>not</u> intending to address infringement issues when the accused product is worn by the infant [ECF No. 61, FN No. 5 at p. 13] -- the direct infringement portion of LTD's proposed indirect (inducement) claim.

LTD respectfully submits that the Court need not expend resources resolving the above issues. The case can be stayed to allow for the IPR, and if Nested Bean prevails in the IPR as to all claims, this case will in fact be over (subject to appeals). If Nested Bean does not prevail on invalidating all asserted claims, the case can be re-opened with the invalidity issues narrowed through IPR estoppel and the indirect (inducement) claims can be addressed at that time.

Respectfully submitted on this 1st day of March, 2021.

/s/ *John L. North*
Douglas R. Kertscher (admitted pro hac vice)
John L. North (admitted pro hac vice)
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358
Email: drk@hkw-law.com
          jln@hkw-law.com

Robert R. Lucic (BBO # 677494)
Sheehan Phinney Bass & Green, P.A
28 State Street, 22nd Floor
Boston, MA 02109
Phone: 603.627.8188
Fax: 617.439.9363
Email: rlucic@sheehan.com

Peter A. Nieves (admitted pro hac vice)
**Sheehan Phinney Bass & Green, P.A.**
1000 Elm Street, 17th Floor
Manchester, NH 03101
Phone: 603.627.8134
Fax: 603.641.2353
pnieves@sheehan.com

2

## CERTIFICATE OF SERVICE

I certify that this 1st day of March, 2021, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which automatically sends email notification of

such filing to registered participants.

*/s/ John L. North*
John L. North

2